IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK KENNETH ANDERSON, JR,

    Plaintiff,

  v.

KIRA D. LABBY, et al.

    Defendants.

ORDER

Case No.  26-cv-196-jdp

Plaintiff Mark Kenneth Anderson, Jr, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of a trust fund account statement and a motion for leave to proceed without prepaying the filing fee.  After considering the motion and supporting documentation, I conclude that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Using information from the plaintiff's trust fund account statement for the six-month period preceding the complaint, I have calculated the initial partial payment to be $2.81.  For this case to proceed, plaintiff must submit this amount on or before April 1, 2026.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payment, then plaintiff should arrange with prison authorities to make the payment from a release account.  However, prison officials will draw funds first from the prisoner's regular account and any portion of the initial partial payment remaining from the prisoner's release account.  *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED that:

1.      Plaintiff Mark Kenneth Anderson, Jr is assessed an initial partial payment of $2.81. Plaintiff must submit a check or money order payable to the clerk of court by April 1, 2026 or advise the court in writing why plaintiff is not able to make the initial partial payment.

2.      No further action will be taken in this case until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2).  Once the screening process is complete, the court will issue a separate order.

3.      If plaintiff fails to make the initial partial payment by April 1, 2026, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily.  In that event, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened.  The court will not reopen the case after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 10th day of March, 2026.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge

2