IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK KENNETH ANDERSON, JR.,

Plaintiff,

v.

KIRA D. LABBY, KEVIN CARR,
TONY EVER, RGCI WARDEN JOHN DOE 1,
ANGELA THOMPSON, CCI WARDEN GARCEAU,
RN MCGRAW, HSUM ALLANA,
and JOHN DOE 2,

Defendants.

OPINION and ORDER

26-cv-196-jdp

---

Plaintiff Mark K. Anderson, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Anderson alleges that medical staff has failed to properly treat his medical condition. Anderson has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Anderson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Anderson's allegations do not currently state a claim for relief that this court can hear, but I will give him a chance to file an amended complaint.

ANALYSIS

Anderson doesn't explicitly state what malady he suffers from. He states that after started suffering symptoms, medical staff prescribed him medication but did not provide him with potential transplant options. Years later medical providers told him that his condition had deteriorated to a point that a transplant could leave him paralyzed. He repeatedly calls defendants' treatment "medical malpractice" or "negligence."

Generally, a plaintiff suing in federal court must show either that he is raising a federal claim, 28 U.S.C. § 1331, known as federal-question jurisdiction, or that he and the defendants are citizens of different states and that more than $75,000 is in controversy, 28 U.S.C. § 1332, known as diversity jurisdiction. Anderson's allegations of medical malpractice or negligence support Wisconsin-law claims, not a federal claim for relief. And this court cannot exercise diversity jurisdiction over Anderson's Wisconsin-law claims because he alleges that both he and defendants are Wisconsin citizens.

Because Anderson appears without counsel, I will not dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially [an unrepresented] plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). Instead, I will give him a chance to file an amended complaint better explaining his claims. In drafting his amended complaint, Anderson should explain what medical problems he suffers from and how each named defendant violated his rights. If Anderson fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

Anderson also requests an order directing Westlaw to include his case on its service. Dkt. 9 and Dkt. 14. It's unclear exactly what Anderson means by this request. Westlaw does

include case dockets in its service, although perhaps not with the type of subscription that DOC prisoners use. If what Anderson asks is for this court's orders to be included in Westlaw's database, this court generally does not tell Westlaw which orders that it should include in its database, and Anderson doesn't present a compelling reason to diverge from that practice here.

ORDER

IT IS ORDERED that:

1.  Plaintiff may have until June 2, 2026, to respond to this order as directed in the opinion above.

2.  Plaintiff's motions to include this case on Westlaw, Dkt. 9 and Dkt. 14, are DENIED.

3.  Plaintiff's remaining motions are DENIED as moot.

Entered May 12, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3